### HAZZARD & PRETTYMAN *vs.* HENRY LITTLE.

A partner cannot bind the firm by deed, without authority by deed.
If one seal in the presence and by authority of the other, it is the deed of all.
But the authority cannot be proved by one of the partners.

WRIT OF ERROR to the Superior Court for Sussex county; heard at the June term, 1851, before Johns, Chancellor, Chief Justice Booth and Judge Wootten. [See ante., p. 291.]

The case was argued by *Layton* for the plaintiff in error, and *Cullen,* for defendant.

Judge Wootten delivered the opinion of the court.

WOOTTEN, *Justice.*—The only question presented for the consideration of the court by the bill of exceptions in this case is, whether Asbury W. Prettyman, one of the defendants below, was a competent witness to prove that Rhodes Hazzard, his co-partner, had authorized him to sign, seal and deliver, for and in the name of the firm of Hazzard & Prettyman, the single bill in question.

It is a sound and well settled principle of law, that one partner cannot bind his co-partner by instrument under seal, unless expressly authorized by his co-partner by deed, or by his presence and assent thereto, at the time of the execution of the instrument.

It is alleged in this case, that Hazzard was present and assented to and authorized the sealing and delivery of the single bill by Prettyman, for and in the name of Hazzard & Prettyman. Prettyman, one of the defendants, was called by the plaintiff, with his consent, to prove his authority from Hazzard, his co-partner, to sign, seal and deliver the single bill referred to, for and in the name of the firm of Hazzard & Prettyman. However competent it may be for the plaintiff to prove the existence of such authority aliunde, it cannot be established by the testimony of the party who exercised it.

We fully recognize the principle of law, as to the competency of a party to a suit, who has no interest in the event, or who is called by the other party by his consent, to testify against his interest; but this species of evidence is universally tested by the question of interest. Was Prettyman a party having no interest in the event of the suit, or who was called by the plaintiff, with his consent, to testify *against his interest?* He was the party who signed, sealed and delivered the single bill, which constituted the subject matter of the suit, for and in the name of the firm of Hazzard & Prettyman; and the power to do so not being within the scope and terms of the co-partnership, unless expressly authorized by his co-partner, in the absence of such authority, he became individually responsible for the whole debt; but if he was authorized by his co-partner, to execute and deliver the bill for and in the name of the firm of Hazzard & Prettyman, it was the joint obligation of both, and his liability was only for one moiety of the claim or debt. The witness was directly interested in the event of the suit, to the extent of one-half of the liability, and to allow him to prove his own authority for fixing the liability on his co-partner, by making it the joint act of himself and co-partner, would be to discharge himself from half the liability, by throwing it on his co-partner.

It was also insisted that the evidence of Prettyman was admissible on the principle that the declarations and admissions of one partner are conclusive upon his co-partner. This is undoubtedly the law, where such declarations or admissions refer to matters within the terms and scope of the co-partnership, and a fortiori would the declarations of a party under the sanction of an oath be received; but such declarations must refer to such acts or transactions as the party making them could do under the terms of the co-partnership, otherwise they would be inadmissible.

Prettyman's declarations of authority from his co-partner to execute and deliver the single bill referred to, in the name of the firm of Hazzard & Prettyman, are not evidence against his co-partner, because they refer to an act not within the scope of the co-partnership, and which can only be done by the express assent and authority of his co-partner.

To allow one partner and co-defendant to impose such liabilities upon his co-partner, by proving his own authority to do so, either by his declarations out of court, or by his own testimony in court, would not only be a perversion of a well known rule of evidence, and

destructive to the rights of partners; but it would throw open wide the door to fraud, and hold out strong inducements to the commission of perjury.

Under this view of the case, it is the unanimous opinion of the court, that in every aspect of this case, the testimony of Prettyman was inadmissible, and that therefore the judgment of the court below ought to be, and the same is hereby reversed.

And the court order the record to be remanded to the court below, that the case may be further proceeded in.